# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>VANESSA TOPAZ BAHR,<br><br>Defendant. | CR 17-06-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I.  Synopsis

Defendant Vanessa Topaz Bahr (Bahr) has been accused of violating the conditions of her supervised release.  Bahr admitted all of the alleged violations.  Bahr's supervised release should be revoked.  Bahr should receive a custodial sentence of time served, followed by 36 months of supervised release.

## II.  Status

Bahr pleaded guilty to being a Felon in Possession of a Firearm on April 12, 2017.  (Doc. 26).  The Court sentenced Bahr to 38 months of custody, followed by 3 years of supervised release.  (Doc. 37).  Bahr's current term of supervised release began on November 8, 2019.  (Doc. 57 at 1).

**Petition**

The United States Probation Office filed an Amended Petition on January 10, 2022, requesting that the Court revoke Bahr's supervised release. (Doc. 57).  The Amended Petition alleged that Bahr violated the conditions of her supervised release: 1) by failing to report for substance abuse testing on three separate occasions; 2) by using methamphetamine; 3) by consuming alcohol; 4) by failing to make restitution payments as directed by her probation officer; and 5) by failing to follow the instructions of her probation officer.

**Initial appearance**

Bahr appeared before the undersigned for her initial appearance on February 1, 2022.  Bahr was represented by counsel.  Bahr stated that she had read the petition and that she understood the allegations.  Bahr waived her right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on February 1, 2022.  Bahr admitted that she had violated the conditions of his supervised release: 1) by failing to report for substance abuse testing on three separate occasions; 2) by using methamphetamine; 3) by consuming alcohol; 4) by failing to make

2

restitution payments as directed by her probation officer; and 5) by failing to follow the instructions of her probation officer. The violations are serious and warrant revocation of Bahr's supervised release.

Bahr's violations are Grade C violations. Bahr's criminal history category is III. Bahr's underlying offense is a Class C felony. Bahr could be incarcerated for up to 24 months. Bahr could be ordered to remain on supervised release for up to 36 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 5 to 11 months.

## III.   Analysis

Bahr's supervised release should be revoked. Bahr should receive a custodial sentence of time served, followed by 36 months of supervised release. This sentence is sufficient but not greater than necessary.

## IV.   Conclusion

The Court informed Bahr that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Bahr of her right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Bahr that Judge Morris would consider a timely objection before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose. Bahr stated that she wished to waive

3

her right to object to these Findings and Recommendations, and that she wished to

waive her right to allocute before Judge Morris.

The Court **FINDS:**

> Vanessa Topaz Bahr violated the conditions of her supervised release:
> by failing to report for substance abuse testing on three separate occasions;
> by using methamphetamine; by consuming alcohol; by failing to make
> restitution payments as directed by her probation officer; and by failing to
> follow the instructions of her probation officer.

The Court **RECOMMENDS:**

> The District Court should revoke Bahr's supervised release and
> commit Bahr to the custody of the United States Bureau of Prisons for
> a term of time served, followed by 36 months of supervised release.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and

Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing.  28 U.S.C. § 636(b)(1).  A district court judge will make a de

novo determination regarding any portion of the Findings and Recommendations

to which objection is made.  The district court judge may accept, reject, or modify,

in whole or in part, the Findings and Recommendations.  Failure to timely file

written objections may bar a de novo determination by the district court judge, and

4

may waive the right to appear and allocute before a district court judge.

DATED this 2nd day of February, 2022.

John Johnston
United States Magistrate Judge

5